UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KERRY HARRAH,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, KERRY HARRAH, is a resident of the state of South Carolina.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD ("RCCL"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant RCCL , at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, M/V *Liberty of the Seas*.

5. At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7. At all times material hereto, Defendant RCCL owned, operated, managed, maintained and/or controlled the M/V *Liberty of the Seas*.

8. On or about March 20, 2015, Plaintiff, Kerry Harrah, was a paying passenger on the M/V *Liberty of the Seas*, which was in navigable waters.

9. On or about March 20, 2015, while aboard the M/V *Liberty of the Seas*, Plaintiff suffered serious personal injuries as a result of Defendant's negligence when she tripped and fell over a clear trash bag left unattended in a hallway aboard the cruise ship.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of RCCL to provide Plaintiff with reasonable care under the circumstances.

11. On or about March 20, 2015, Defendant RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. Plaintiff was injured due to the fault and/or negligence of RCCL and/or its agents, servants, joint ventures and/or employees as follows:

    a. Failure to provide passengers, including Plaintiff, with a walking area free of tripping hazards, and/or;

    b. Failure to maintain a reasonably safe walking path in the area of the Plaintiff's fall, and/or;

    c. Failure to identify the tripping hazard(s) which caused Plaintiff to trip and fall, and/or;

    d. Failure to adequately inspect the area where Plaintiff suffered her accident, and/or;

    e. Failure to warn Plaintiff of the tripping hazard(s) posed to her by the clear or transparent trash bag left unattended in the hallway on which she tripped, and/or

    f. Failure to warn Plaintiff of the risk(s) and/or hazard(s) posed to her due to the lack of adequate maintenance and/or inspection of the area where Plaintiff suffered her accident, and/or;

    g. Failure to maintain the area where Plaintiff suffered her accident in a reasonably safe condition, and/or;

    h. Failure to correct the hazard(s) which caused Plaintiff to suffer her accident, and/or;

    i. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident, and/or;

    j. Failure to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident, and/or;

k. Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the hazardous condition which caused Plaintiff's incident would be discovered and corrected, and/or;

l. Failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the hazardous condition that caused Plaintiff's injury, and/or;

m. Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers.

All of which caused and/or contributed to Plaintiff becoming injured when she tripped and fell while walking down on a hallway on Defendant's vessel, the M/V *Liberty of the Seas*.

13. At all times material hereto, Defendant RCCL had exclusive custody and control of the M/V *Liberty of the Seas*.

14. All of the above caused and/or contributed to Plaintiff being injured when she suffered the above described injury while onboard the M/V *Liberty of the Seas*.

15. Defendant RCCL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of the conditions and corrected them.

16. Defendant failed to clean and maintain the subject hallway thus Defendant failed to discover the perilous condition created by the clear bag left unattended in the hallway.  All of the above caused the Plaintiff to be injured.

17. Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other passengers aboard Defendant's cruise ships were similarly injured tripping and falling over same or similar type of bags/items left unattended on the hallways of Defendant's ships.

18. As a result of the negligence of RCCL, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries. Plaintiff also lost the benefit of her entire vacation, cruise and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/* Michael A. Winkleman
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
**PETER J. RIDGE**
Florida Bar No. 114263